Gurvinder Kaur
Law Offices of Lakisha N. Dean LLC
1930 Marlton Pike East
Suit J-52
Cherry Hill, NJ 08003

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
SOUTHERN DIVISON

ANTON SERGEEV

                    Petitioner,

        v.

Mario N. Garcia, et al.,

                  Respondents.

Case No.

**PETITION FOR WRIT OF HABEAS CORPUS**

1

**INTRODUCTION**

Petitioner Anton Sergeev ("Mr. Sergeev") now comes before this Court seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by Immigration and Custom Enforcement ("ICE") an agency of the Department of Homeland Security ("DHS"). He is requesting immediate release from prolonged and unconstitutional immigration detention or in the alternative a custody hearing. Petitioner is in the physical custody of Respondents at the Webb County Detention Center in Laredo, Texas. Petitioner has not sought a bond redetermination hearing before the Immigration Court because, in light of *Matter of Yajure-Hurtado*, it is evident that such a request would be denied. Immigration Judges within this jurisdiction have interpreted that decision, along with the Fifth Circuit's holding in *Buenrostro-Mendez*, as divesting them of jurisdiction to conduct bond hearings in cases such as Mr. Sergeevs. As a result, and consistent with DHS's position, he remains subject to continued detention without access to a bond hearing or other meaningful procedural protections guaranteed by due process.

Mr. Sergeev's continues to suffer a significant deprivation of liberty without meaningful review. Such continued detention, absent procedural safeguards and individualized consideration, contravenes fundamental constitutional principles and is properly subject to review through this Petition for a Writ of Habeas Corpus. Absent intervention by this Court, Mr. Sergeev's faces the prospect of prolonged and potentially indefinite detention without any meaningful mechanism to challenge the legality of his confinement. Thus, he therefore seeks this Court's review to restore the constitutional safeguards that Due Process requires.

2

**PETITIONER'S BACKGROUND**

Petitioner, Anton Sergeev is a native and citizen of Russia. Mr. Sergeev entered the United States on or about August 2, 2021, together with his wife, Natalia Ryzhenkova. Upon entry, they were briefly detained at a border facility for approximately 24 hours and were subsequently released following DHS's discretionary determination that they did not pose a flight risk or a danger to the community. **See Exhibit A, Form I-94**

Since their entry, Mr. Sergeev and his wife have continuously resided in the United States for more than five years. On or about January 2022, within the statutory one-year filing deadline, Mr. Sergeev and his wife timely filed a joint application for asylum with U.S. Citizenship and Immigration Services (USCIS), as they had not been placed in removal proceedings at that time. Both were issued employment authorization documents while their asylum application remained pending.

Shortly thereafter, the couple's daughter, Elizabeth Sergeeva, was born in the United States on October 7, 2021. **See Exhibit B (Birth Certificate of Petitioner's Daughter.**

On or about September 27, 2025, Mr. Sergeev was driving near Laredo, Texas, when he was stopped at a commercial motor vehicle checkpoint for a routine inspection. Following this stop, Mr. Sergeev was taken into custody by immigration authorities and placed into removal proceedings.

After his detention, Mr. Sergeev's asylum case was separated from his wife's, whose case remains pending, while his own case was dismissed based on DHS's argument that his application was untimely, notwithstanding that both he and his wife had filed the same asylum application together within the required one-year period. The Immigration Judge accepted DHS's position and dismissed Mr. Sergeev's case. Mr. Sergeev does not present these facts to challenge

the merits of that decision, as the issue is currently the subject of a properly filed and pending administrative appeal, but rather to provide this Court with a complete and accurate procedural history relevant to the lawfulness of his continued detention.

Mr. Sergeev has since properly filed a timely appeal of that decision, which remains pending before the appropriate appellate body. **See Exhibit C (Proof of Pending Appeal.**

Prior to his apprehension on September 27, 2025, Mr. Sergeev was lawfully residing in the United States, maintained a stable residence, held valid employment authorization, and possessed a valid driver's license.

Mr. Sergeev maintained lawful employment in the United States as a long-distance truck driver with Rapid Express Inc., where he was consistently described as responsible, dependable, and in full compliance with all company and federal regulations. His employer confirmed that he was legally authorized to work, successfully completed all required background and employment verifications, and demonstrated professionalism, reliability, and a strong commitment to safety. **See Exhibit D (Letter from Employer).**

Since his release in 2021, Mr. Sergeev has not been arrested or charged with any criminal offense. These facts further confirm that Mr. Sergeev does not pose a danger to the community or a flight risk, consistent with DHS's prior discretionary determination at the time of his initial release.

Mr. Sergeev is now detained at the Webb County Detention Center in Laredo, Texas, and seeks relief through this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, requesting immediate release from prolonged and unconstitutional immigration detention, or in the alternative, an individualized custody determination.

4

Since his detention, Mr. Sergeev has experienced significant and escalating psychological and physical distress as a direct result of his prolonged separation from his family. As the primary provider for his household, he suffers profound anxiety over his inability to support his wife and young child or ensure their basic needs and safety. Each day of detention intensifies his fear and emotional strain, and each night he remains in custody, he worries about his family being alone without him.

Mr. Sergeev feels acutely deprived of irreplaceable time with his four-year-old daughter during a critical stage of her development. He experiences deep frustration and grief at being unable to provide parental guidance, emotional support, and a protective presence in her life during these formative years.

His four-year-old daughter asks for him almost every day, repeatedly questioning when he will return home, and has exhibited ongoing emotional distress—including crying and confusion—after he was detained just one week before her birthday, a milestone she had eagerly awaited celebrating with him, underscoring the profound and ongoing harm caused by his continued detention.

In support of this Petition, Petitioner submits the attached Affidavit of Nataliia Ryzhenkova, which evidences the substantial and ongoing harm to his family, including financial instability and emotional distress, resulting from his continued detention. **See Exhibit E (Affidavit of Nataliia Ryzhenkov).**

The uncertainty surrounding his detention—particularly the lack of a clear timeline for release—has caused Mr. Sergeev to suffer chronic panic attacks, persistent anxiety, and severe emotional distress. He reports ongoing insomnia, frequent nightmares, and extreme fatigue. The psychological toll of his detention has also manifested physically, including constant tension

headaches, and a persistent sinking sensation in his stomach, stress and uncertainty. More recently, his condition has worsened, resulting in trembling hands and heart palpitations.

Taken together, these conditions reflect the substantial and ongoing harm caused by Mr. Sergeev's continued detention, further underscoring the urgent need for relief.

Accordingly, Mr. Sergeev has no meaningful administrative avenue available to challenge his continued detention and is left with no alternative but to seek relief through this Petition for Writ of Habeas Corpus.

Petitioner remains detained without the benefit of constitutionally adequate due process. He has been denied any meaningful opportunity to obtain an individualized custody determination. As a result, he continues to suffer a significant deprivation of liberty without meaningful review. Such continued detention, absent procedural safeguards and individualized consideration, violates fundamental constitutional principles and warrants relief from this Court.

**PARTIES**

1.  Petitioner is a citizen of Russia who has been in immigration detention since September 2025.

2.  Respondent Sylvester Ortega is the Acting Director of the San Antonio, Field Office of ICE's Enforcement and Removal Operations division. As such, Respondent is Petitioner's immediate custodian and is responsible for Petitioner's detention and removal. He is being sued in his official capacity.

3.  Respondent Kristi Noem is the Secretary of the Department of Homeland Security. She is responsible for the implementation and enforcement of the Immigration and Nationality Act (INA), and oversees ICE, which is responsible for Petitioner's detention. Ms. Noem has ultimate custodial authority over Petitioner and is sued in her official capacity.

4.  Respondent Department of Homeland Security (DHS) is the federal agency responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

5.  Respondent Pamela Bondi is the Attorney General of the United States. She is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates is a component agency. She is sued in her official capacity.

6.  Respondent Mario N. Garcia of the Webb County Detention Center located in Laredo, Texas where Petitioner is detained. He has immediate physical custody of Petitioner. He is being sued in his official capacity.

**JURISDICTION**

7.  Petitioner is in the physical custody of Respondents. Petitioner is detained at the Webb County Detention Center in Laredo, Texas.

8.  This Court has jurisdiction under 28 U.S.C. § 2241(c)(5) (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, section 9, clause 2 of the United States Constitution (the Suspension Clause).

9.  This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

**VENUE**

10. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493- 500 (1973), venue lies in the United States District Court for the Southern District Court of

7

Texas, the judicial district in which Petitioner is currently detained at the Webb County Detention Center in Laredo, Tx.

11. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Texas.

## LEGAL ARGUMENT

The Court must grant the petition for Writ of Habeas Corpus or order Respondents to show cause "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Respondents must file a return "**within three days** unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

### I.   BUENROSTRO-MENDEZ DOES NOT FORECLOSE MR. KA'S DUE PROCESS RIGHT CLAIM.

The unlawful detention at issue here stems from Respondents' continued reliance on *Matter of Yajure-Hurtado* and the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, in which they cite to justify categorical detention in circumstances materially

distinct from those addressed in those decisions. Although the Fifth Circuit, in *Buenrostro-Mendez v. Bondi*, ___ F.4th ___, 2026 WL 323330, at 1 (5th Cir. Feb. 6, 2026), interpreted 8 U.S.C. § 1225(b)(2) as authorizing mandatory detention in certain contexts, that decision does not foreclose constitutional review, nor does it address the materially different circumstances presented here. Significantly, *Buenrostro-Mendez* resolved a question of statutory interpretation; it did not address the due process implications of prolonged detention or re-detention within the interior of the United States following a discretionary release by DHS.

Mr. Sergeev respectfully requests that this Court vindicate and protect his constitutional due process rights—rights firmly enshrined in the United States Constitution. Petitioner does not ask this Court to invalidate *Matter of Yajure-Hurtado*, to determine that *Buenrostro-Mendez* was wrongly decided, or to reexamine the merits of the Immigration Judge's decision in his case. Rather, Petitioner asks this Court to recognize that, as applied to his circumstances, his continued detention violates the constitutional protections afforded to him, and to order Respondents to meaningfully address and justify the lawfulness of his continued detention in light of those due process concerns.

Significantly, Mr. Sergeev was previously released by the Government pursuant to its own discretionary authority after determining that he did not pose a danger to the community or a flight risk. Having been released and having established a stable life in the United States with his family, Mr. Sergeev is entitled to the full protections of due process, which his continued detention unlawfully infringes. *Zadvydas v. Davis*, 533 U.S. 701 (2001). During that period of release, he consistently complied with all requirements

9

imposed by immigration authorities, including keeping the Government informed of his address, and he did not violate any local, state, or federal laws or ordinances. Petitioner lived in the community, established a residence, and remained fully compliant with all conditions of his release.

Despite this, he was later re-detained without any meaningful individualized determination, effectively stripping him of the very liberty interests that had already been recognized and granted by the Government. Such an abrupt deprivation of liberty, without adequate procedural safeguards, underscores the due process violations at issue in this case.

## II.    MR. SERGEEV'S CONTINUED CIVIL IMMIGRATION DETENTION VIOLATES THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT

The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

The Supreme Court has made clear that even where statue authorizes mandatory detention, such detention remains subject to constitutional limitations. See *Zadvydas v. Davis*, 533 U.S. 678 (2001); *Jennings v. Rodriguez*, 583 U.S. 513 (2018). The existence of mandatory statutory language does not extinguish the Fifth Amendment.

In *Zadvydas,* the Supreme Court emphasized that aliens physically present within the United States are entitled to the protections of the Constitution, explaining that "all persons within the territory of the United States are entitled to the protection of the

10

Constitution." 533 U.S. at 693. Noncitizens in removal proceedings who have established meaningful connections to the United States through prolonged residence possess a constitutionally protected liberty interest in freedom from detention absent adequate procedural safeguards. See *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020).

Here, DHS was fully aware of the statutory framework it now relies upon under 8 U.S.C. § 1225(b)(2), yet nevertheless exercised its discretion to release Mr. Sergeev under that same authority. Following his release, Mr. Sergeev resided in the United States for over five years, during which time he established substantial ties, including stable residence and compliance with all immigration requirements.

Although Mr. Sergeev is a noncitizen, he possesses constitutional protections, and those protections are especially significant where, as here, the Government has already exercised its discretion to release him into the interior of the United States. *Id*. Having been permitted to live freely in the United States for a substantial period of time, Mr. Sergeev has developed significant liberty interests that cannot be limited solely by statutory classification.

As such, Mr. Sergeev is entitled to the protections of the Fifth Amendment's Due Process Clause. His continued detention, after a prior discretionary release and in the absence of meaningful procedural safeguards, is subject to constitutional limitations. The Government's authority to detain him is therefore constrained by fundamental due process principles.

Mr. Sergeev developed substantial liberty interests after being released in 2021. During his period of release, Petitioner fully complied with all conditions imposed by immigration authorities, including regularly checking in with ICE, attending all scheduled immigration hearings, and remaining law-abiding. He did not incur any criminal convictions or violations, nor did he attempt in any way to evade immigration authorities or the Government.

Mr. Sergeev resided within the interior of the United States for a significant period of time, during which he established meaningful ties, stability, and a family life. As a result, he is entitled to the protections of the Fifth Amendment's Due Process Clause. His physical liberty is a fundamental interest protected by the Constitution, and his continued civil detention directly implicates that liberty interest. Through his more than five years of continuous presence in the United States—living with and supporting his family, who remain outside of detention—Mr. Sergeev has developed a substantial and constitutionally protected liberty interest in freedom from detention.

Despite this, Mr. Sergeev has been subjected to prolonged detention without adequate notice of the Government's intent to revoke his prior release or a meaningful opportunity to obtain an individualized bond hearing to determine whether his continued detention is justified. Such a deprivation of liberty without appropriate procedural safeguards contravenes fundamental principles of due process. See *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

The Supreme Court has further recognized that serious constitutional concerns arise where removal is not reasonably foreseeable, and detention becomes prolonged

12

without a realistic prospect of effectuating removal. In *Zadvydas*, the Court held that post-removal detention is limited to a period "reasonably necessary to bring about that alien's removal," and that continued detention becomes unauthorized when there is "no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 699–701.

Here, removal cannot be meaningfully accomplished within a reasonable timeframe, and continued civil detention no longer bears a reasonable relation to its regulatory purpose, raising substantial due process concerns. *See Zadvydas v. Davis*, 533 U.S. 678, 690–91 (2001). No final order of removal has been entered against Petitioner, as his appeal remains pending before the Board of Immigration Appeals. The Government has not demonstrated that removal is significantly likely in the reasonably foreseeable future. Mr. Sergeev's continued pursuit of relief within the immigration system further reflects his good-faith compliance and undermines any claim that he presents a flight risk.

Where removal cannot be realistically effectuated, continued detention cannot be justified solely on the basis of effectuating removal. Instead, detention must bear a reasonable relation to its regulatory purpose. See *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

Immigration detention is civil, not criminal, in nature. Because it is civil and regulatory, it must be nonpunitive and reasonably related to its legitimate governmental purpose. *Zadvydas v. Davis*, 533 U.S. 678, 690–91 (2001). Civil detention that becomes

excessive, prolonged, or disconnected from its regulatory objective raises serious constitutional concerns.

The Fifth Amendment does not permit civil immigration detention to become a mechanism of punishment. The Supreme Court has cautioned that any statute authorizing indefinite detention would raise serious constitutional concerns. *Zadvydas*, 533 U.S. at 690.

Here, Mr. Sergeev faces detention of uncertain and potentially indefinite duration while his appeal remains pending before the Board of Immigration Appeals, without meaningful individualized review and without any reasonably foreseeable removal date. Such indeterminate civil detention exceeds the constitutional limits imposed by the Due Process Clause.

There is no legitimate basis for Mr. Sergeev's continued detention at this stage. He was previously released under materially similar circumstances, and no material change has occurred to justify his re-detention. Mr. Sergeev does not pose a risk to the community, has no criminal history, and has never attempted to evade immigration or other government authorities.

This is civil detention, and its purpose is regulatory—not punitive. Where, as here, Mr. Sergeev is neither a flight risk nor a danger to the community, continued detention serves no lawful purpose and is constitutionally impermissible. At this juncture, however, Mr. Sergeev's prolonged detention has taken on a punitive character in practice. He has no criminal history, has never been charged with any offense, and is a devoted

14

husband and father who came to the United States seeking refuge for himself and his family. His continued confinement, under these circumstances, bears no reasonable relationship to any legitimate regulatory purpose.

**III. DUE PROCESS REQUIRES THE GOVERNMENT TO DEMONSTRATE BY CLEAR AND CONVINCING EVIDENCE THAT PETITIONER IS A FLIGHT RISK OR DANGER TO THE COMMUNITY**

Mr. Sergeev has strong and long-established equities in the United States that weigh decisively in favor of his release. He has resided continuously in the United States since 2021 and, during that time, has built a stable and productive life within his community. Petitioner has lawfully maintained employment pursuant to valid employment authorization and, through his consistent hard work, has achieved financial stability while providing for his family. His contributions reflect not only his compliance with the law, but also his commitment to establishing a secure and stable environment for his family.

Mr. Sergeev has established strong personal and family ties in the United States. His wife and U.S. citizen daughter reside in a rented home where he lived prior to his apprehension, providing him with a stable residence and immediate family support upon release.

Mr. Sergeev has consistently complied with all requirements imposed by immigration authorities, including keeping ICE informed of his address and timely reporting any changes. These facts demonstrate a clear pattern of compliance and establish that he is neither a danger to the community nor a flight risk, and that he has every incentive to comply with all future proceedings if released.

15

Accordingly, Mr. Sergeev's continued detention is not supported by any individualized justification and no longer serves a legitimate civil or regulatory purpose, and although Respondents seek to justify his detention under 8 U.S.C. § 1225(b), that statutory authority does not foreclose his constitutional rights under the Fifth Amendment; therefore, Mr. Sergeev's immediate release is warranted.

Mr. Sergeev respectfully requests that the Court order Respondents to show cause and to identify the precise statutory basis for his continued detention, the factual predicates relied upon in making the custody determination, and whether any individualized assessment of flight risk or danger has ever been conducted.

Mr. Sergeev remains in detention. Without relief from this court, he faces the prospect of months, or even years, in immigration custody, separated from his family and community.

Permitting prolonged detention of an individual in active removal proceedings, without individualized review and without a reasonably foreseeable removal date, raises serious due process concerns. Civil detention must bear a reasonable relationship to its purpose; it cannot become punitive or arbitrary simply because statutory language is mandatory. "Freedom from imprisonment lies at the heart of the liberty protected by the Due Process Clause." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The fifth amendment entitles detainee in deportation proceedings to due process of law. *Demore v. Kim*, 538 U.S. 510, 523 (2003). Under the Suspension Clause, the writ of habeas corpus guarantees judicial review of executive detention in removal cases, a protection the Constitution requires. See *INS v. St. Cyr*, 533 U.S. 289, 300–05 (2001).

16

Here Mr. Sergeev is entitled to protection under the Fifth Amendment because his liberty interest is directly at stake. There is presently no defined end date for his detention. When an individual's physical liberty is restrained without a clear termination point, judicial intervention through a writ of habeas corpus is warranted to ensure that the detention remains consistent with constitutional limits. *Id*.

## IV EXHAUSTION DOCTRINE

Mr. Sergeev has not failed to exhaust administrative remedies. He pursued the available administrative process by appealing the Immigration Judge's decision to the Board of Immigration Appeals. To the extent further administrative review is unavailable or incapable of providing timely relief from his continued detention, exhaustion should not bar judicial review of his habeas claims challenging the legality of his confinement. Requiring Mr. Sergeev to await the conclusion of agency proceedings would result in prolonged and potentially indefinite detention, thereby compounding the very constitutional injury this Petition seeks to remedy. Where administrative processes offer no adequate mechanism to challenge the legality of continued custody, exhaustion serves no legitimate purpose. See *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025).

## VIOLATION OF THE INA

Mr. Sergeev incorporates by reference the allegations of fact set forth in the preceding paragraphs.

17

The Immigration and Nationality Act does not eliminate constitutional constraints on civil immigration detention. Even where DHS asserts detention authority under 8 U.S.C. § 1225(b)(2), prolonged detention without any opportunity for individualized custody review raises serious constitutional concerns where detention becomes extended, indeterminate, and divorced from any demonstrated regulatory necessity. Mr. Sergeev does not challenge DHS's asserted statutory authority in the abstract, but rather the constitutionality of his continued detention as applied in the absence of any procedural mechanism to assess flight risk, dangerousness, or the necessity of ongoing custody.

Mr. Sergeev is neither a flight risk nor a danger to the community, and there has been no material change in circumstances since his prior release that would justify his continued detention. To the contrary, his circumstances further demonstrate his reliability and strong incentive to remain in the United States. His wife and U.S. citizen child reside here, and his wife has a pending immigration case, which necessitates their continued presence and participation in ongoing proceedings. Mr. Sergeev has a stable residence, established family support, and a consistent history of compliance with all immigration requirements. These factors overwhelmingly demonstrate that he has every reason to remain present and engaged in his case, and no inclination or incentive to abscond.

### RELEASE UNDER MATHEW V. ELDRIDGE

Mr. Sergeev, like all persons regardless of immigration status, has a fundamental right to freedom from imprisonment by the government absent lawful justification. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Under *Mathews v. Eldridge*, courts assessing procedural due process must consider three factors, which apply fully in the

18

immigration detention context: (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that additional or substitute procedures would entail. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, the private interest at stake weighs heavily in Mr. Sergeev's favor. Mr. Sergeev has a fundamental interest in freedom from physical restraint. When he initially entered the United States, he was released after immigration authorities determined that he was neither a flight risk nor a danger to the community. Now, more than five years later, Mr. Sergeev has been re-detained despite having established deep ties to the United States. There is no dispute that he has a substantial private interest in avoiding detention.

Second, the risk of erroneous deprivation of Mr. Sergeev's liberty is extremely high under the current procedures. Mr. Sergeev was taken into custody and automatically detained based solely on a legal classification, without any notice and meaningful individualized assessment of dangerousness or flight risk. Moreover, Mr. Sergeev has no meaningful avenue to request an individualized custody determination before the Immigration Court, as any such request would be futile under the current legal framework. As a result, he remains detained without access to adequate procedural safeguards.

Because detention has been applied categorically rather than based on Mr. Sergeev's actual circumstances, the risk of erroneous deprivation of liberty is substantial. Mr. Sergeev has now been detained since September 2025, and his prolonged confinement has taken a severe emotional and financial toll.

19

Prior to his detention, Mr. Sergeev maintained a productive and law-abiding life in the United States, he consistently worked, paid taxes, and contributed meaningfully to his community. As a result of his continued detention, he is unable maintain employment or earn income to support himself or his family causing substantial financial harm. These circumstances further demonstrate the profound impact of his continued detention and underscore the significant risk of erroneous deprivation of his liberty under the current procedures.

Finally, the government's interest does not outweigh Mr. Sergeev's liberty interest. Respondents cannot demonstrate any legitimate justification for his continued detention. ICE previously released Mr. Sergeev, permitting him to pursue his immigration proceedings outside of detention, thereby reflecting the Government's own determination that custody was unnecessary. Mr. Sergeev complied with all conditions of that release. No material change in circumstances has occurred since that time.

To the contrary, Mr. Sergeev has continued to demonstrate full compliance with all immigration requirements, has no criminal record, maintains strong family ties, has a stable residence, and is authorized to work. DHS has offered no evidence that he poses a flight risk or a danger to the community. Under these circumstances—where less restrictive alternatives to detention have already proven effective—the Government's interest cannot justify continued detention or the deprivation of Mr. Sergeev's liberty.

**IMMEDIATE RELEASE**

Mr. Sergeev respectfully requests that this Court order his immediate release from immigration custody. Mr. Sergeev is neither a flight risk nor a danger to the community, and Respondents have never made any individualized finding to the contrary. He has no

20

criminal history, has complied with all immigration requirements, has strong family and community ties, maintains a stable residence, and was previously released by ICE without incident. No material change in circumstances has occurred since ICE's prior release.

Because his continued detention is imposed without any individualized assessment of necessity and without procedural safeguards to test whether detention remains justified, his ongoing custody violates the Due Process Clause. If Respondents contend that continued detention serves a legitimate regulatory purpose, due process requires that such justification be supported by individualized findings grounded in the facts of his case, rather than by categorical assumptions. In the absence of any such individualized justification, continued detention is constitutionally impermissible.

Under these circumstances, an order requiring further administrative proceedings would not remedy the ongoing constitutional violation. Where detention lacks a lawful basis and no constitutionally adequate process exists to justify continued custody, the appropriate remedy is immediate release.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

a.     Assume jurisdiction over this matter;

b.     Issue a writ of habeas corpus declaring that Petitioner's continued civil immigration detention, as applied to him and under the specific circumstances of his case, violates the Due Process Clause of the Fifth Amendment;

21

c.    Order Respondents to immediately release Petitioner from custody; or, in the alternative,

d.    Order that Petitioner be released upon reasonable conditions of supervision, including the posting of a bond in the amount of $1,500;

e.    Order Respondents to provide Petitioner with an individualized bond hearing before a neutral decision-maker within a specified time, and order the Government to response as to why Petitioner is a flight risk by clear and convincing evidence that Petitioner is a flight risk or a danger to the community; or, in the further alternative; and

f.    Grant any other and further relief that this Court deems just and proper.

DATED this 20 of March 2026.

_Gurvinder Kaur_

Gurvinder Kaur, Esq.

*Attorneys for Petitioner*

22

**PROOF OF SERVICE BY CERTIFIED MAIL**

I, Gurvinder Kaur, Esq.  declare that I am over the age of 18 and not a party to this action. On March 20, 2026 I served the following documents:

- Petition for Writ of Habeas Corpus
- Civil Cover Sheet
- Exhibits
- This Proof of Service

by Certified U.S. Mail on the following individuals/entities:

1.  Mario N. Garcia, Warden of
    Webb County Detention Center
    Attention: Warden
    9998 S. Highway 83 Laredo, TX
    78041.

2. Pam Bondi, U.S. Attorney General
U.S. Department of Justice 950
Pennsylvania Avenue NW Washington,
DC 20530

3. Nicholas J. Ganjei, U.S. Attorney United
    States Attorney's Office Southern
    District of Texas
1000 Louisiana St., Suite 2300

Houston, Texas 77002

4. Office of the General Counsel
U.S. Department of Homeland Security 2707 Martin
Luther King Jr Ave SE Washington, DC 20528-0485

5. Sylvester M. Ortega, Acting Field Office Director
    Enforcement and Removal Operations
1777 NE Loop 410, Floor 15 San
Antonio, TX 78217

Email: SanAntonio.Outreach@ice.dhs.gov

All items were sent via Certified Mail with return receipt requested.

23

I declare under penalty of perjury that the foregoing is true and correct. Executed on:

March 20, 2026

*Gurvinder Kaur*
_____

Gurvinder Kaur, Esq.